## BROWN ET AL. v. SALOMON.

EVIDENCE.

One who sold goods on a commission rented a room in his own name in which to exhibit his samples. He allowed the lessor to charge a part of the rent to his principal, who paid it. *Held*, these facts are no evidence of agency to charge the principal, nor of an adoption or ratification of the debt as that of the principal.

*Appeal from the County Court of Arapahoe County.*

Messrs. ROGERS, CUTHBERT & ELLIS, for appellants.

No appearance for appellee.

REED, P. J., delivered the opinion of the court.

The suit was brought by appellee to recover $102, balance due on rent of rooms. The rooms were used by Frank W. McLean as show or sample rooms in soliciting and making sales for appellants, a wholesale firm in Boston, to whom the samples shown belonged.

The suit was brought by attachment, the writ levied upon goods. The only question presented was as to the character of the employment of McLean by appellants and defendant, and, upon the solution of that, the liability of appellants.

The testimony of appellee and his agent (a Mr. Clinton) was that McLean rented in his own name, and that the receipts for rent given from time to time were to F. W. McLean. The only incident connected with the transaction in which it was shown appellant had any connection was testified to by the plaintiff as follows:

" Q. Did you ever charge up the house, and take out from the money due the house for these goods, any money due for this rent? A. Yes, sir. Q. How much? A. He owed quite a little amount, I do not remember how much it was at that time. I says, ' It is time for you to pay and I will write

the house about it.' He says, 'You can charge the house up fifty dollars.' I did so and wrote the house about it. * * * He said for me to charge up the fifty dollars and take it out of the account, and I asked him why he did not pay the balance. He said, 'Well, wait a little while.'"

Neither plaintiff nor his agent testified to any acts or statements of appellant holding out McLean as its agent, or authorizing him to make any contracts to bind them.

McLean's deposition was taken, in which he says : " During the year 1893, I resided at Denver, Colorado ; I was selling goods on commission for Brown, Durrell & Co., of Boston. My contract with Brown, Durrell & Co. was that I should represent them in the states of Colorado and Wyoming and the territories of New Mexico and Utah ; that I should pay all expenses for traveling and for rent and other incidentals and everything pertaining to it, and was to receive a commission of 6 per cent on all sales. I opened an office in Denver at 808 Sixteenth street, over Salomon's dry goods store. * * * The goods that were in the office, mentioned in this receipt at the time the suit was instituted, belonged to Brown, Durrell & Co., of Boston. Q. Have you ever, at any time, and especially at the time you rented said office room, represented that you were the agent of Brown, Durrell & Co., and authorized, as such agent, to contract for them ? A. Well, I was their agent, merely as any person would be that was selling goods on commission. I never represented at any time that I had any authority from them. I was in business for myself."

John R. Ainsley, a member of the firm (appellants), testified by deposition as follows :

" Q. State fully the scope of his employment. A. Store salesman until January 1, 1893 ; beginning January 1, 1893, salesman in Colorado and vicinity. A copy of our arrangement and contract as to his employment in 1893 is attached to this deposition, marked exhibit 'A'. It was written in our arrangement book, where are kept copies of all arrangements made with our employés. Exhibit 'A' referred to is as follows :

" ' Copy of arrangement between Frank W. McLean and Brown, Durrell & Company, October 12, 1892. Arrangement commencing January 1, 1893; we to pay him a commission of 6 per cent on net sales made to his customers, direct or otherwise. That is, we deduct the returned goods, allowances, failed accounts and 6 per cent cash discounts; then figure commission on the balance; and it is understood that this agreement can be cancelled at the option of either party by giving thirty days' notice. Samples to be delivered in Denver free. The territory constitutes Colorado, Utah, Montana, Idaho, Wyoming and New Mexico.'

" Q. Did said Frank W. McLean, while in your employment, have any authority, direct or indirect, from said firm of Brown, Durrell & Co., to lease or rent rooms for the purpose of showing his samples, and to make said Brown, Durrell & Co. liable for said rent? A. No. Q. Did said McLean have any authority whatsoever from Brown, Durrell & Co. to make any contract for said firm other than for the sale of goods to merchants? A. No. Q. Did you, or any of the firm of Brown, Durrell & Co., ever ratify any lease or contract for the payment of rent, made by plaintiff herein with the said McLean? A. No. The goods attached in this action belong to Brown, Durrell & Co., and did at the time of the attachment. McLean never had any interest in them whatsoever. They were samples of goods representing our stock, and they came to be in his possession because by showing them to the dealers he was expected to secure orders for the goods so represented."

There was absolutely no proof of agency to charge appellants with the debt contracted by McLean, nor any evidence of any assumed liability.

The fact that McLean allowed appellee to charge up $50.00, a part of his indebtedness to appellants, and payment of the amount by them, was no evidence of agency or adoption or ratification of the debt as that of the firm. At the time the $50.00 was paid, the firm may have been indebted to McLean in that amount, or upon his request

advanced him that amount. Either would have been in line with the testimony in regard to the relations that existed, and could not warrant the judgment. I can find no evidence to support it. The entire evidence is against the liability of appellant. The judgment should be reversed and cause remanded.

*Reversed.*